1  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
2  **OAKLAND DIVISION**

3
   JERRY BECHHOLD,                                          No. C 07-0870 SBA
4
                   Plaintiff,                               **ORDER**
5
       v.                                                   [Docket No. 20]
6
   ROGER BOGNER, *et al.*,
7
                   Defendants.
8

9
       Before the Court is plaintiff Jerry R. Bechhold's motion for a stay of these proceedings. No
10
   hearing was noticed or calendared for this motion, and after reading and considering the arguments
11
   presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See*
12
   FED. R. CIV. P. 78. For the reasons that follow, the Court DENIES the motion.
13
       Also before the Court is an outstanding motion to strike plaintiff Bechhold's declaration
14
   submitted in connection with a motion dismiss [Docket No. 20]. As the motion to dismiss was ruled
15
   upon May 1, 2007, the motion to strike is DENIED as moot.
16

17
                                              **BACKGROUND**
18
       Plaintiff Bechhold requests this proceeding be stayed pending the disposition of a motion for
19
   sanctions he has brought against defendant Roger Bogner in the United States District Court for the
20
   Western District of Michigan. The motion for sanctions is premised upon the same conduct giving rise
21
   to the action before this Court.
22
       In 2002, Bechhold filed a lawsuit against defendant Bogner in the Western District of Michigan
23
   alleging patent and trademark infringement. The alleged infringement was based upon Bogner's
24
   manufacturing and distributing a fishing lure called the "Spindoctor." Bechhold claimed that the
25
   "Spindoctor" was modeled after his fishing lure, the "Fishcatcher" or "Hootchie Mama." The parties
26
   entered into a consent judgment and stipulated injunction, which was issued by the court in the Western
27
   District of Michigan on January 27, 2003. That court has continuing jurisdiction to enforce the consent
28

judgment.

According to Bechhold, "Defendant Bogner, although fully on notice of the terms of the January 2003 Consent Judgment, re-commenced manufacturing a flasher product line closely resembling the Fishcatcher and nationally distributed, advertised, offered and sold the newly infringing products to its customers in defiance of the express injunction set forth, and his contractual obligations under the January 2003 settlement agreement." Mot. at 2-3. On December 26, 2006, plaintiff Bechhold filed a complaint in the Superior Court of Sonoma County. Bechhold contends this has created a likelihood of confusion with his lure, and therefore asserted four causes of action for relief: (1) violation of the Unfair Claims Practices Act; (2) unfair competition; (3) violation of the California Uniform Trade Secrets Act; and (4) common law trademark infringement. On February 9, 2007, the defendants removed the action to this Court based on the diverse citizenship of the parties.

On May 1, 2007, this Court denied the defendants' motion to dismiss for lack of jurisdiction, but granted the motion to dismiss Bechhold's third cause of action for violation of the California Uniform Trade Secrets Act for failure to state a claim. *See* Docket No. 24. Following the Court's ruling on the motion to dismiss, the plaintiff filed this motion to stay. Attached to the plaintiff's motion is an affidavit declaring that he will file a motion for contempt in the United States District Court for the Western District of Michigan on or before June 15, 2007. The motion for contempt will assert that the defendants violated the terms of the "Consent Judgment and Permanent Injunction" entered by that court on January 27, 2003. On July 18, 2007, the plaintiff submitted a copy of the contempt motion filed in the Western District of Michigan. *See* Docket No. 34. That motion shows that it was noticed for September 24, 2007. Neither party has indicated the status or resolution of the motion for contempt.

**LEGAL STANDARDS**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

2

> A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

In determining whether to grant a stay, a court should weigh competing interests, such as: (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). The party moving for the stay bears the burden of proving it is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

**ANALYSIS**

The plaintiff contends that "inefficient re-litigation of core legal and factual issues common to both suits will be avoided" by a stay pending disposition of the motion for sanctions in the Western District of Michigan, as "[t]he identical flasher design and technology at issue in both litigations raises repetitive and recurring legal and factual issues requiring construction by the court." Mot. at 4. The plaintiff further argues that there will be inequity in the absence of a stay "by Plaintiff's being forced to pursue multiple actions to address the Defendant's culpable conduct." *Id*.

The defendants point out that the plaintiff has failed to properly notice his motion or serve it. Under Civil Local Rule 7-1(a) "Any written request to the Court for an order must be presented by one of the following means: **(1)** Duly noticed motion pursuant to Civil L.R. 7-2 . . . ." Local Rule 7-2 adds that "except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." The plaintiff's motion for stay was never noticed for hearing, nor calendared, nor properly served upon the defendants in compliance with Local Rule 5-6, which requires

3

a certificate of service with a sworn declaration as set forth by 28 U.S.C. § 1746. The motion contains a "certificate of mailing via fax," but there is no declaration consistent with section 1746, which mandates a signed affirmation that "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746. Local Rule 5-6(b) provides that "Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk refusing to file a paper or pleading. However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service." The defendant did timely object. The lack of notice for a hearing and lack of service are grounds for denying the motion.

Denial of the motion is also warranted on the merits. The plaintiff identifies the hardship to him with proceeding with his case in this Court as "being forced to pursue multiple actions to address the Defendant's culpable conduct." But the plaintiff is not actually being forced to pursue multiple actions. According to the plaintiff's allegations, the same conduct by the defendants that is the basis of this suit is covered by the consent judgment entered by the court in Michigan. The Michigan court has continuing jurisdiction over the consent judgment and the plaintiff has the option of seeking relief in that court. It is by choice that the plaintiff has instituted the action in this forum while also litigating in another. Moreover, the plaintiff has the option of seeking a Court order to voluntary dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2).

The defendants maintain they will be prejudiced by a stay because they

> are entitled to a complete adjudication of the claims against them on the merits pursuant to California law, and not simply [by] way of a motion under Michigan law. Specifically, they are entitled to discover the basis for the claims alleged against them, investigate and gather evidence to contradict those claims, file any appropriate dispositive motions and, if necessary, present its defenses to a jury.

Docket No. 33, at 4.

The plaintiff has not carried his burden in demonstrating that the balance of interests weigh in his favor or that a stay of this action is warranted. The plaintiff instituted this action, chose to also pursue relief in another judicial forum, has the option of voluntarily dismissing the case in this Court, and has not shown why the defendants should not be able to pursue resolution of the case he has brought

against them.

**CONCLUSION**

Accordingly, plaintiff Jerry R. Bechhold's motion for a stay of these proceedings is DENIED. In addition, the defendants' motion to strike [Docket No. 20] is DENIED as moot.

IT IS SO ORDERED.

January 16, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

1  UNITED STATES DISTRICT COURT
2  FOR THE
   NORTHERN DISTRICT OF CALIFORNIA
3

4  BECHHOLD et al,
                                                Case Number: CV07-00870 SBA
5          Plaintiff,
                                                **CERTIFICATE OF SERVICE**
6     v.

7  BOGNER ET AL et al,

8          Defendant.
                                    /
9

10 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

11

12 That on January 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
13

14

15

16 Jerry Bechhold
   P.O. Box 967
17 Foresthill, CA 95631

18
   Dated: January 17, 2008
19                                              Richard W. Wieking, Clerk
                                                By: LISA R CLARK, Deputy Clerk
20

6